UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TARIQ BROWN,

                              Petitioner,

      v.                                          **DECISION AND ORDER**
                                                        17-CV-1278S

UNITED STATES OF AMERICA,              12-CR-103S (8)

                              Respondent.

## I. INTRODUCTION

Presently before this Court is Petitioner Tariq Brown's pro se Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255. (Docket No. 905.) For the reasons discussed below, Brown's motion is denied.

## II. BACKGROUND

Brown appeared before this Court on August 3, 2016, and pleaded guilty to Count 2 of the fourth superseding indictment, which charged him with violating 18 U.S.C. § 1962 (d) (RICO conspiracy). (See Docket Nos. 594, 597.) Brown pleaded guilty with the benefit of a plea agreement, in which he agreed that his maximum possible sentence by statute was a term of life imprisonment, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of five years. (Plea Agreement, Docket No. 594, ¶ 1.) Brown further agreed that for purposes of the Sentencing Guidelines, he had a total offense level of 40 and a criminal history category of III, which resulted in a Guidelines sentencing range of 360 months to life imprisonment, a fine of $25,000 to $250,000, and a term of supervised release of 2 to 5 years. (Plea Agreement, ¶ 18.) Notwithstanding these Sentencing Guidelines ranges, however, Brown and the

1

government agreed under Rule 11 (c)(1)(C) of the Federal Rules of Criminal Procedure that this Court should impose a sentence of 264 months' imprisonment. (Plea Agreement, ¶ 19.)

In his plea agreement, Brown also acknowledged and waived his rights to appeal and collaterally attack his guilty plea and sentencing under certain circumstances as follows:

> The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 18 [the Sentencing Guidelines calculations], above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.
>
> The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

(Plea Agreement, ¶¶ 25, 26.)

Brown further acknowledged that he had a full opportunity to discuss the terms of the plea agreement with his lawyer, that he understood all of the consequences of his guilty plea, that he fully agreed with the contents of the plea agreement, and that he was entering the plea agreement voluntarily and of his own free will. (Plea Agreement, p. 12.)

On December 5, 2016, this Court accepted the Rule 11 (c)(1)(C) provision of the parties' plea agreement and sentenced Brown to 264 months' imprisonment, no fine, 5

years' supervised release, and a $100 special assessment, in accordance with the parties' agreement. (Docket Nos. 727, 739, 773.) It also imposed total restitution in the amount of $37,791.24. Id. Brown did not appeal his conviction or sentence.

Just under one year later, on December 4, 2017, Brown timely filed the instant § 2255 motion,[1] which the government opposes.[2] (Docket Nos. 905, 955, 981.) After full briefing, this Court took the motion under advisement without oral argument.

### III. DISCUSSION

**A.    § 2255 Proceedings**

Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the legality of their sentences. It provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (a).

Importantly, a § 2255 motion is not a substitute for an appeal. See Bousley v. United States, 523 U.S. 614, 621, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'") (quoting Reed v. Farley, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300, 129 L. Ed. 2d 277 (1994)). Relief under § 2255 is therefore narrowly limited, with collateral attack on a final criminal judgment available "only for a constitutional error, a lack of jurisdiction in the

---

[1] A 1-year statute of limitations applies to § 2255 petitions. See 28 U.S.C. § 2255 (f).

[2] Brown's motion includes requests for discovery and a hearing. (Docket No. 905.)

3

sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted)). This narrow limitation preserves respect for finality, allows for the efficient allocation of judicial resources, and recognizes an aversion to retrying issues long after they occur. See Bokun, 73 F.3d at 12 (citations omitted).

To shape the narrow relief available under § 2255, two procedural rules apply to make it more difficult for a defendant to upset a final criminal judgment on collateral review. See Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010). First, the "mandate rule" bars re-litigation of issues already decided on direct appeal. See id.; see also Burrell v. United States, 467 F.3d 160, 165 (2d Cir. 2006); United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997) ("[I]t is well-established that issues decided on direct appeal may not be re-litigated in the context of a petition under § 2255.") This includes "not only . . . matters expressly decided by the appellate court, but also . . . re-litigation of issues impliedly resolved by the appellate court's mandate." Yick Man Mui, 614 F.3d at 53 (citing United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001)). This rule also bars ineffective-assistance-of-counsel claims that were raised and resolved on direct appeal, as well as those involving factual predicates that while not explicitly raised on direct appeal, were impliedly rejected by the appellate court mandate. See id. at 53-54 (citations omitted). An exception to this rule exists for cases involving intervening changes in the law, in which case the petitioner "must show that there is new law which, when applied to their claims, would result in a different disposition." Chin v. United States, 622 F.2d 1090,

4

1092 (2d Cir. 1980) ("Reconsideration [of claims previously raised on direct appeal] is permitted only where there has been an intervening change in the law and the new law would have exonerated a defendant had it been in force before the conviction was affirmed on direct appeal.") (citing United States v. Loschiavo, 531 F.2d 659, 664 (2d Cir. 1976)).

Second, the "procedural default" rule bars the collateral review of claims that could have been raised on direct appeal, unless the petitioner shows cause for failing to raise the claims on direct review and actual "prejudice" or actual innocence. See Bousley, 523 U.S. at 622-23 (citations omitted); see also Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993) ("In order to raise a claim that could have been raised on direct appeal, a § 2255 petitioner must show cause for failing to raise the claim at the appropriate time and prejudice from the alleged error.")  This rule does not apply to ineffective-assistance-of-counsel claims, which may be brought in a § 2255 motion regardless of whether they could have been raised, or were raised, on direct appeal. See Massaro v. United States, 538 U.S. 500, 508-09, 123 S. Ct. 1690, 1696, 155 L. Ed. 2d 714 (2003).

Discovery in § 2255 proceedings is governed by Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  Leave of court is required to engage in discovery, which may be granted for good cause. See Rule 6 (a). Such discovery is conducted under the Federal Rules of Criminal or Civil Procedure, or "in accordance with the practices and principles of law."[3] Id. The party requesting discovery must provide reasons for the request, which must "include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6 (b).

---

[3] "If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 6 (a).

A petitioner may also be entitled to an evidentiary hearing. Section 2255 provides that a court shall hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." To determine whether a hearing is necessary, the court "must review the answer, any transcripts and records of prior proceedings, and any [additional materials submitted by the parties]." Rule 8 (a). If a hearing is necessary, the court must appoint an attorney to any moving party who qualifies for the appointment of counsel under 18 U.S.C. § 3006A. See Rule 8 (c). A hearing is generally warranted only where the petitioner establishes a plausible claim. See Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009).

The Second Circuit has further described the standard for holding a § 2255 evidentiary hearing as follows:

> In ruling on a motion under § 2255, the district court is required to hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see, e.g., Pham v. United States, 317 F.3d 178, 185 (2d Cir. 2003) (§ 2255 does not permit summary dismissals of motions that present facially valid claims). However, the filing of a motion pursuant to § 2255 does not automatically entitle the movant to a hearing; that section does not imply that there must be a hearing where the allegations are "vague, conclusory, or palpably incredible." Machibroda v. United States, 368 U.S. 487, 495, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962); see, e.g., Chang v. United States, 250 F.3d 79, 85 (2d Cir. 2001). To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief. See, e.g., Machibroda, 368 U.S at 494, 82 S. Ct. 510; United States v. Aiello, 814 F.2d 109, 113-14 (2d Cir. 1987).

Gonzalez v. United States, 722 F.3d 118, 130-31 (2d Cir. 2013).

Finally, waiver principles also apply. It is by now well established that a knowing and voluntary waiver made as part of a plea agreement is presumptively and generally

6

enforceable. See Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016) (per curiam); see also United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011); United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001). "An enforceable waiver bars claims based on grounds that arose after, as well as before, the [plea] agreement was signed." Muniz v. United States, 360 F. Supp. 2d 574, 577 (S.D.N.Y. 2005). Thus, "[i]n no circumstance . . . may a [petitioner] who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993). Waivers, however, are strictly construed against the government due to its greater bargaining power and because it usually drafts the plea agreement. See Yushuvayev v. United States, 532 F. Supp. 2d 455, 468 (E.D.N.Y. 2008).

There are, however, narrow exceptions to the general enforceability of waivers, including:

> (1) when the waiver was not made knowingly, voluntarily, and competently, (2) when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, (3) when the government breached the plea agreement, or (4) when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus.

Sanford, 841 F.3d at 580 (quoting United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000)).

To determine whether a waiver is enforceable, courts examine the underlying record and may rely on a defendant's sworn statements during the plea allocution, see Salerno v. Berbary, 389 F. Supp. 2d 480, 484 (W.D.N.Y. 2005), which statements "carr[y]

7

such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony," United States v. Juncal, 245 F.3d 166, 171 (2d Cir. 2001).

But even "a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which a waiver has been procured," such as a plea agreement. Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002). A waiver may thus be unenforceable if the petitioner has a meritorious claim that it was procured as the result of ineffective assistance of counsel. See United States v. Monzon, 359 F.3d 110, 118-19 (2d Cir. 2004). Ineffective-assistance-of-counsel claims involving post-plea events, however, do not survive the waiver. See United States v. Laskaris, No. 11-CR-364, 16-CV-7207, 2018 WL 4863591, at *2 (E.D.N.Y. Sept. 28, 2018) (collecting cases).

Relatedly, the valid entry of a guilty plea "conclusively resolves the question of factual guilt supporting the conviction, thereby rendering any antecedent constitutional violation bearing on factual guilt a non-issue." United States v. Gregg, 463 F.3d 160, 164 (2d Cir. 2006); see Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235 (1973) (noting that if a defendant validly admits guilt, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea").

Ultimately, the petitioner bears the burden of proving entitlement to relief under § 2255 by a preponderance of the evidence. See Galviz Zapata v. United States, 431 F.3d 395, 399 (2d Cir. 2005) (citing Williams v. United States, 481 F.2d 339, 346 (2d Cir. 1973)); see also Triana v. United States, 205 F.3d 36, 30 (2d Cir. 2000).

**B.     Brown's Claims**

Construing Brown's submissions and arguments liberally as required, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999) (per curiam), this Court finds that he raises two claims. First, Brown seeks dismissal of the indictment against him on the grounds that there was prosecutorial misconduct before the grand jury. (Docket No. 905, pp. 19-24.) He bases this claim on a grand jury witness's recantation of his testimony and admission that he lied before the grand jury at the prosecutor's instruction. In support of this claim, Brown relies on an affidavit from the grand jury witness—his brother, Tyrone Brown[4]—and disparaging articles[5] concerning the now retired prosecutor. (Docket No. 981, pp. 18-35 (affidavit); Docket No. 905, pp. 30-47 (articles).

Second, Brown claims that his trial counsel was ineffective for failing to independently investigate restitution and for failing to request a restitution hearing as part of the sentencing proceedings. (Docket No. 905, pp. 24-26.) He maintains that trial counsel should have insisted that the government prove individual restitution through victim testimony so that he could challenge the victims through cross-examination.

Both of these claims are procedurally barred. First, the waiver provisions in Brown's plea agreement must be enforced. Brown does not challenge the knowing and voluntariness of his guilty plea, nor does he assert that his plea was the product of ineffective assistance of counsel. Instead, he appears to suggest that the waiver

---

[4] Tyrone Brown is a co-defendant in this case. He pleaded guilty to participating in the RICO conspiracy charged in Count 2 of the fourth superseding indictment. (Docket Nos. 629, 630.) He too received a 264-month sentence. (Docket Nos. 763, 764.)

[5] It appears that these articles were independently published by an individual whom the prosecutor prosecuted. The articles do not relate to this case in any manner.

9

provisions of his plea agreement are inapplicable because he entered his plea before he learned of the alleged prosecutorial misconduct and before his attorney was ineffective regarding restitution. This argument holds no merit.

The Second Circuit has "long enforced waivers of direct appeal rights in plea agreements, even though the grounds for appeal arose after the plea agreement was entered into." Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (citing United States v. Yemitan, 70 F.3d 746, 747-48 (2d Cir. 1995)); see also United States v. Harrison, 699 F.3d 158, 159 (2d Cir. 2012) (per curiam) (finding that the petitioner's "inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal waiver") (quoting United States v. Riggi, 649 F.3d 143, 150 n. 7 (2d Cir. 2011)); Medina v. United States, 16 Civ. 5043 (AT)(JCF), 94 Cr. 0872 (SAS)(JCF), 2017 WL 476670, at *2 (S.D.N.Y. Feb. 3, 2017) (citing Garcia-Santos in rejecting a petitioner's argument that his waiver was not knowing and voluntary "because he could not have known 'that he was also waiving a right that didn't exist at the time of the guilty plea'"). The same is true for enforcement of waivers of collateral attack under § 2255. See Garcia-Santos, 273 F.3d at 509 ("The reasons for enforcing waivers of direct appeal [when the grounds for appeal arose after the plea agreement was entered into] lead us to the same conclusion as to waivers of collateral attack under § 2255.").

In the face of a knowing and voluntary guilty plea, this Court must enforce the waiver provisions of the plea agreement. In paragraphs 25 and 26, Brown agreed to waive his rights to appeal and collaterally attack his sentence if this Court sentenced him within or less than the calculated sentencing range for imprisonment, which it did. Brown

also agreed that the waiver would extend to previously unknown facts or changes in the law. These waiver provisions are enforceable and bar each of Brown's present claims.

Second, Brown's prosecutorial-misconduct claim is barred by his valid guilty plea, wherein he admitted murdering Marquay Lee in Martin Luther King Park on May 12, 2012, shooting four other individuals during that same incident, and involving himself in three other attempted murders. (Plea Agreement, ¶ 5.) As noted above, the valid entry of a guilty plea "conclusively resolves the question of factual guilt supporting the conviction, thereby rendering any antecedent constitutional violation bearing on factual guilt a non-issue." Gregg, 463 F.3d at 164; see Tollett, 411 U.S. at 267 (noting that if a defendant validly admits guilt, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea").

Third, Brown's ineffective-assistance-of-counsel claim is not the type that survives the appeal waiver. Not all ineffective-assistance-of-counsel claims are barred by enforceable waivers because "a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured," such as a plea agreement. Frederick, 308 F.3d at 195; see El Saleh v. United States, 13-CV-1567 (DLI), 2016 WL 4734601, at *3 (E.D.N.Y. Sept. 9, 2016) ("[A] defendant cannot be bound by an appeal waiver if the decision to enter a plea agreement was the product of counsel's ineffective assistance") (citing Hernandez, 242 F.3d at 114)). Thus, "[a]n ineffective assistance of counsel claim survives the guilty plea or the appeal waiver *only* where the claim concerns the advice the defendant received from counsel." Parisi v. United States, 529 F.3d 134, 138-39 (2d Cir. 2008) (emphasis added). This is because, if a petitioner challenges counsel's effectiveness in connection with the plea agreement

11

itself, he is in essence challenging the constitutionality of the process by which he waived his right to collaterally attack the sentence, and his claim therefore survives the waiver. Id. ("although challenging the attorney's role in shaping the defendant's bargaining position cannot avoid the waiver, challenging the attorney's advice about that bargaining position, by connecting the knowing and voluntary nature of the defendant's plea decision with the attorney's conduct, does."); see also El Saleh, 2016 WL 4734601, at *3 ("[W]here an attorney's ineffective assistance caused a defendant to agree to a waiver, a court must look past the waiver and examine the underlying merits of the ineffective assistance claim."). In short, ineffective-assistance-of-counsel claims that affect the plea process survive the waiver, and those that do not, do not. See id. at *5.

Here, Brown asserts an ineffective-assistance-of-counsel claim that does not survive the waiver. He maintains that his lawyer was ineffective for not challenging restitution, either by demanding a hearing or conducting his own investigation. This alleged ineffectiveness, however, does not relate to the constitutionality of the process by which Brown pleaded guilty and waived his collateral attack and appeal rights. The claim therefore does not survive the waiver. See Parisi, 529 F.3d at 138-39; see also United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998) ("[D]efendant claims that his waiver should not bar consideration of his appeal because counsel was ineffective not at the time of the plea, but at sentencing. We emphatically reject this contention."); United States v. Jimenez, 106 F. App'x 92, 93 (2d Cir. 2004) (citing Monzon, 359 F.3d at 118 ("[A] claim of ineffective assistance is waived when . . . it attacks the sentence itself and not the underlying plea agreement that supported the sentence.")); United States v. Laskaris, No. 11-CR-364, 16-CV-7207, 2018 WL 4863591, at *2 (E.D.N.Y. Sept. 28, 2018) (collecting

cases).

For all of these reasons, Brown's claims are barred.

**C.     Discovery is not required.**

Brown includes a request for discovery in his motion. (Docket No. 905, p. 16.) As noted above, the party requesting discovery must provide reasons for the request, which must "include any proposed interrogatories and requests for admission, and must specify any requested documents." Rule 6 (b). The court may then grant discovery if it finds good cause to do so. See Rule 6 (a).

Here, Brown includes only a *pro forma* request for discovery. He has not explained why discovery is necessary, nor has he specified or proposed the type of discovery he seeks. The only specific request that Brown makes is to secure an affidavit from his brother, but the record reflects that Brown submitted his brother's affidavit together with his reply papers. (See Docket 981, pp. 18-35.) In any event, given that the record conclusively demonstrates that Brown is not entitled to relief, there is no basis to permit discovery. This request is therefore denied.

**D.     No evidentiary hearing is required.**

In his motion, Brown requests the opportunity to advance his claims at an evidentiary hearing. As indicated above, § 2255 provides that a court shall hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4 (b) also provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."

Here, no evidentiary hearing is required because Brown's motion and the record

13

conclusively demonstrate that Brown is entitled to no relief under § 2255.  Consequently, this Court finds that no hearing is warranted or required.  See Orbach v. United States, 11 Cr. 111 (NRB), 2017 WL 5632815, at *7 (S.D.N.Y. Nov. 7, 2017) (denying request for a § 2255 hearing where "[t]he existing record is conclusive that petitioner is not entitled to relief on any theory presented to [the court]").

**E.    Certificate of Appealability**

For a certificate of appealability to issue, a petitioner must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253 (c)(2).  To make the required "substantial showing," Brown must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations and internal quotation marks omitted).  Brown has made no such substantial showing of the denial of a constitutional right in this case.  A certificate of appealability will therefore not be issued.

## IV. CONCLUSION

For the reasons stated above, Brown's Motion to Vacate, Set Aside or Correct his Sentence is denied.  If Brown wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 60 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit, in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## V. ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct

his Sentence and Conviction under 28 U.S.C. § 2255 (Docket No. 905) is DENIED.

FURTHER, that this Court hereby certifies, pursuant to 28 U.S.C. § 1915 (a)(3) and Rule 24 (a)(3) of the Federal Rules of Appellate Procedure, that any appeal from this Decision and Order would not be taken in good faith and therefore leave to appeal as a poor person is DENIED.  See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

FURTHER, that a Certificate of Appealability under 28 U.S.C. § 2253 is DENIED.

FURTHER, that the Clerk of Court is directed to CLOSE 17-CV-1278S.

SO ORDERED.

Dated:	February 24, 2020
	Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge
