UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TARIQ BROWN,

                            Petitioner,

        v.                                                    **DECISION AND ORDER**
                                                              12-CR-103S (8)

UNITED STATES OF AMERICA,

                            Respondent.

        On February 24, 2020, this Court denied pro se Petitioner Tariq Brown's Motion to

Vacate, Set Aside, or Correct his Sentence and Conviction under 28 U.S.C. § 2255.   See

Brown v. United States, 17-CV-1278S, 12-CR-103S (8), 2020 WL 888102 (W.D.N.Y. Feb.

24, 2020.[1]   Now before this Court is Brown's Motion for Extension of Time to File Notice

of Appeal from that decision under Rule 4 (a)(5) of the Federal Rules of Appellate

Procedure.   (Docket No. 1241.)   Because this Court finds good cause for the extension,

Brown's motion is granted.

        When the United States is a party, a notice of appeal in a civil case must be filed

with the district court within 60 days after entry of the judgment or order appealed from.

See 28 U.S.C. § 2107 (b)(1); see also Fed. R. App. P. 4 (a)(1)(B)(i).   This Court issued

the order appealed from on February 24, 2020.   Brown's deadline to file his notice of

appeal was therefore April 24, 2020, but he did not appeal.

---

1 The decision is filed in this action at docket number 1240.

1

Rather, on April 23, 2020,[2] Brown filed the instant motion to extend his time to file a notice of appeal.   He contends that the restrictions imposed in his correctional facility in response to the COVID-19 outbreak prevented him from filing his notice of appeal.

"The power of the federal courts to extend the time limits on the invocation of appellate jurisdiction is severely circumscribed."   Mendes Junior Int'l Co. v. Banco Do Brasil, S.A., 215 F.3d 306, 312 (2d Cir. 2000).   By statute, "[t]he district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause." 28 U.S.C. § 2107 (c).

Under the coordinating rule, a district court is authorized to extend a party's time to file a notice of appeal if (1) "a party so moves no later than 30 days after the time prescribed by this Rule 4 (a) expires," and (2) "regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4 (a) expires, that party shows excusable neglect or good cause."   Fed. R. App. P. 4 (a)(5)(A).   In either case, no extension "may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later."   Fed. R. App. P. 4 (a)(5)(C).   If a party fails to move for an extension within the 30-day period following the

---

2 Brown signed his motion on April 23, 2020, but it was not entered on the docket until April 28, 2020. (Docket No. 1241.)   Under the "mailbox rule," a pro se prisoner litigant's papers are deemed to have been filed when the papers are placed in the hands of prison officials for mailing.   See Houston v. Lack, 487 U.S. 266, 271, 108 S. Ct. 2379, 2382, 101 L.Ed.2d 245 (1998).   Moreover, the date a prisoner signs his or her papers is generally deemed the date that he or she placed them in the hands of prison officials for mailing.   See, e.g., Mingues v. Nelson, No. 96 CV 5396, 2004 WL 324898, at *3 (S.D.N.Y. Feb. 20, 2004) (citing cases) ("Given the difficulty in determining when a prisoner relinquishes control of the complaint to prison personnel, the date the plaintiff signed the original complaint is presumed to be the date plaintiff gave the complaint to prison officials to be mailed.")   Consequently, under the "mailbox rule," Brown is deemed to have filed his motion on April 23, 2020, the date he signed it.   Id.; see also Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993), modified on reh'g, 25 F.3d 81 (2d Cir. 1994).

deadline for filing a notice of appeal, the court lacks jurisdiction to grant the motion. Martinez v. Hoke, 38 F.3d 655, 656 (2d Cir. 1994); Mulligan v. Griffin, No. 6:15-CV-06502-MAT, 2017 WL 491683, at *1 (W.D.N.Y. Feb. 7, 2017) (quoting Cohen v. Empire Blue Cross & Blue Shield, 142 F.3d 116, 118 (2d Cir. 1998) (per curiam)).

The Advisory Committee Notes to Rule 4 explain how the excusable neglect and good cause standards apply:

> The good cause and excusable neglect standards have "different domains."  See Lorenzen v. Employees Retirement Plan, 896 F.32d 228, 232 (7th Cir. 1990).  They are not interchangeable, and one is not inclusive of the other.  The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant.  The good cause standard applies in situations in which there is no fault—excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

Fed. R. App. P. 4 (a)(5)(A)(ii) advisory committee's note to 2002 amendment; see also Al-Qadaffi v. Servs. for the Underserved, No. 13 Civ. 8193 (WHP), 2015 WL 3401045, at *1 (S.D.N.Y. Apr. 27, 2015).

Given the nature of the reasons for Brown's failure to file a timely notice of appeal—the unprecedented COVID-19 outbreak—this Court finds that the good cause standard applies.   In addition, it finds that the restrictions implemented in response to the outbreak, which for inmates include limited access to legal materials, case files, and legal mail procedures, sufficiently impaired Brown's ability to timely file his notice of appeal such that the good cause standard is satisfied.

Accordingly, Brown's motion for an extension of time to file his Notice of Appeal is

granted.   Brown's time in which to file the single-page notice of appeal required under the rule is extended to May 26, 2020.[3]   See Fed. R. App. P. 3 (c) and Form 1 in the Appendix of Forms.

IT HEREBY IS ORDERED, that Petitioner's Motion for Extension of Time to File Notice of Appeal (Docket No. 1241) is GRANTED.

FURTHER, that Petitioner's time in which to file his Notice of Appeal is EXTENDED to May 26, 2020.

FURTHER, that the Clerk of Court is directed to send Petitioner a "Notice of Appeal and Instructions" packet from this district's bank of Pro Se Forms together with a copy of this decision.

SO ORDERED.

Dated:   April 30, 2020
         Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge

---

3 The 30-day extension period actually expires on May 24, 2020, which is 30 days from Brown's original April 24, 2020 deadline.   But because May 24 is a Sunday, and because May 25 is Memorial Day, Brown's deadline is extended to May 26, 2020.   See Fed. R. App. P. 26 (a)(C) (extending time if deadline falls on a Saturday, Sunday, or legal holiday) and 26 (a)(6)(A) (defining "legal holiday" to include Memorial Day).